UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
In re Terrance Smith and Mildred Smith,

                        Debtors.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
USR GROUP, INC.,

                        Appellant,

    -v-                                  6:04-CV-1260

TERRANCE SMITH and MILDRED SMITH,

                        Appellees.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
USR GROUP, INC.,

                        Appellant,

    -v-                                  6:05-CV-475

TERRANCE SMITH,

                        Appellees.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                OF COUNSEL:

OFFICE OF MATTHEW J. SGAMBETTERA    STEPHANIE A. HENRY, ESQ.
Attorneys for Appellant USR Group, Inc.
323 Ushers Road
P.O. Box 1550
Clifton Park, NY 12065

O'CONNOR, O'CONNOR' BRESEE & FIRST    MICHAEL JUDE O'CONNOR, ESQ.
Attorneys for Appellee/Debtors
20 Corporate Woods Boulevard
Albany, NY 12211

CHAPTER 7 TRUSTEE                        CHRISTIAN DRIBUSCH, ESQ.
Patroon Bldg 5 Clinton Square
Albany NY 12207

CHAPTER 13 TRUSTEE  
350 Northern Blvd.  
Albany, NY 12204

ANDREA E. CELLI, ESQ.

DAVID N. HURD  
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

Debtors Terrance and Mildred Smith filed for bankruptcy protection under Chapter 13 on April 25, 2001. Their residence in Clifton Park, New York, was listed on Schedule A. Debtors did not claim a homestead exemption. On February 13, 2004, debtors voluntarily converted to a Chapter 7, and a Trustee was appointed on February 19, 2004. On May 10, 2004, the Trustee filed a Report of No Distribution. A discharge was granted on June 10, 2004.

On July 8, 2004, appellant USR Group, Inc. ("USR") filed a motion to prevent the case from being closed. USR's basis for the motion was that it had made an offer to purchase the residential real estate, but the property had not yet been marked up for sale.

On September 9, 2004, the United States Bankruptcy Court for the Northern District of New York, Littlefield, B.J., entered a Memorandum-Decision and Order denying USR's motion on the basis that USR lacked standing to invoke the court's jurisdiction. USR appealed (No. 1:04-CV-1260). Appellee/debtors filed a brief, as did the Chapter 7 Trustee, opposing the appeal. The appeal was taken on submission without oral argument.

On January 12, 2005, the Chapter 7 Trustee filed a motion to sell the property or, in the alternative, to abandon the estate's interest in the property. On January 14, 2005, debtors moved to reconvert to Chapter 13. USR filed opposition to the conversion. The

Bankruptcy Court rendered a decision from the bench on March 10, 2005, memorialized in a March 28, 2005, written order, finding that USR lacked standing to object to debtors' conversion. USR appealed (No. 1:05-CV-475). Appellee/debtors filed a brief in opposition. The appeal was taken on submission without oral argument.

## II. STANDARD OF REVIEW

In reviewing a bankruptcy court's decision, a district court applies the clearly erroneous standard to conclusions of fact and *de novo* review to conclusions of law. In re Manville Forest Prods. Corp., 209 F.3d 125, 128 (2d Cir. 2000); In re Petition of Bd. of Directors of Hopewell Int'l Ins. Ltd., 275 B.R. 699, 703 (Bankr. S.D.N.Y. 2002); Fed. R. Bankr. P. 8013.

## III. DISCUSSION

The issue in both appeals is whether, as a potential bidder, USR had standing to participate in the bankruptcy case. Standing is an issue of law; therefore, a *de novo* review is appropriate. However, although not raised by the parties, the threshold question is whether USR has standing to appeal the orders of the Bankruptcy Court. See Licensing by Paolo, Inc. v. Sinatra (In re Paolo Gucci), 126 F.3d 380, 387-88 (2d Cir. 1997).

Standing to appeal exists only when an appellant is "an 'aggrieved person,' a person 'directly and adversely affected pecuniarily' by the challenged order of the bankruptcy court." Id. at 388 (quoting Kabro Assocs. v. Colony Hill Assocs. (In re Colony Hill Assocs.), 111 F.3d 269, 273 (2d Cir. 1997). In the context of bankruptcy, financial injury is required (although standing under Article III requires only "injury in fact"). Id. The financial injury requirement stems from the concern that "open-ended appeals" would disrupt "the orderly disposition of bankruptcy matters." Id.

USR was a potential bidder in debtors' residential real estate. No sale order had been entered at the time USR entered its bid. USR has not shown in what way it was aggrieved by denial of its motion to prevent the case from closing or by denial of its objection to debtors' reconversion to a Chapter 13. The sum total of USR's argument is that it "has a pecuniary interest and practical stake in the outcome of the proceedings." (Appellant's 1:04-CV-1260 Brief at 6; Appeallant's 1:05-CV-475 Brief at 9.) USR, in response to the Trustee's argument, asserts that creditors may benefit from a sale (as opposed to abandonment of the property). This does not demonstrate how USR suffered a pecuniary injury. As the court noted in In re Paolo Gucci, ordinarily creditors have standing to appeal sale orders, where unsuccessful bidders do not. 126 F.3d at 388.

## IV. CONCLUSION

USR is not an aggrieved person that was pecuniarily disadvantaged by the orders at issue.[1] Therefore, USR does not have standing to appeal those orders.

Accordingly, it is

ORDERED that the above-captioned appeals are DISMISSED.

IT IS SO ORDERED.

_____
United States District Judge

Dated: December 30, 2005
       Utica, New York.

---

[1] The analysis and conclusion would be the same if a *de novo* review of the merits of the appeal was conducted.

- 4 -